UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON LENARD HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), et al., <br><br> Defendants. | Case No. 21-cv-06749-JD <br><br> **ORDER RE DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that his rights were violated by the seizure of an eye dropper containing drugs, and in a subsequent Rules Violation Report ("RVR") hearing. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id*.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). But a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." *Id*. at 525.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Balisok*, 520 U.S. at 647-49.

In the original complaint, plaintiff alleged that his Fourth Amendment rights were violated when an eye dropper containing drugs was found in his room that he shares with other inmates. He also alleged that his rights were violated at the RVR hearing where he was found guilty and assessed 150 days loss of time credits due to the drugs. For relief, plaintiff sought money damages and the restoration of the lost time credits.

Plaintiff was advised that if he succeeded in this action and the time credits were restored, that would "necessarily spell speedier release." *Skinner*, 562 U.S. at 525. Accordingly, the claims challenging the RVR should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. *Id.* Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff was provided on opportunity to amend to address these legal standards set forth above and indicate if the lost time credits had already been reversed or expunged. Plaintiff has filed an amended complaint but has not addressed these issues. The complaint is dismissed without prejudice. Plaintiff may seek money damages once he has successfully overturned the disciplinary finding.

3

**CONCLUSION**

1. The complaint is **DISMISSED** without prejudice.

2. The Clerk is requested to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 5, 2022

JAMES DONATO
United States District Judge